[No. 2,793.]

## MARY SHAW *v.* CHARLES CROCKER.

RIGHT OF CITY TO RAISE GRADE OF STREET—DAMAGES.—A city has the
right to raise the grade of a street; and if the contractor performs the
work with proper care and skill, he is not responsible for any damage
which may result to the contiguous property.                           .

LIABILITY OF STREET CONTRACTOR FOR DAMAGES—BURDEN OF PROOF.
In a suit against a contractor for damages occasioned to contiguous prop-
erty by raising the grade of a street under a city contract, it is incumbent
upon the plaintiff to show that the work was performed in an improper
or negligent manner, or that the damage resulted from a want of care or
skill on the part of the contractor or his servants.

NEGLIGENCE OR UNSKILLFULNESS NOT PRESUMED.—Negligence or want of
skill in the grading of a street by a contractor, under a city contract,
will not be presumed, nor inferred from the mere fact of damage, but must
be proved.

APPEAL from the District Court of the Sixth Judicial Dis-
trict, Sacramento County.

The plaintiff recovered judgment in the Court below for
one thousand dollars. Defendant moved for a new trial,
which being refused, he took this appeal from the judgment
and order.

*S. W. Sanderson,* for Appellant.

The testimony showed conclusively that defendant was
performing a lawful contract with the City of Sacramento;
that he did the work according to the survey and directions
of the proper officers of the city; that he did it in the usual
and proper mode and with ordinary care and skill; and that
the demolition of the plaintiff's shanties was the natural
consequence of the grading, and was in no respect due to
any negligence or want of ordinary care on the part of the
defendant. Such being the case, the demolition of the
plaintiff's shanties was *damnum absque injuria.* (Stats. 1863,
p. 416, Sec. 2, Sub. 5, and Secs. 3 and 4; *Governor, etc., of
Cast Plate Manufacturers* v. *Meredith,* 4 Durnford & East,

794; *Wilson* v. *Mayor, etc., of New York,* 1 Denio, 595; *Green* v. *The Borough of Reading,* 9 Watts, 382; *The Mayor* v. *Randolph,* 4 Watts & Serg. 516; *Callender* v. *Marsh,* 1 Pick. 418; *Thurston* v. *Hancock,* 12 Mass. 220; *Sutton* v. *Clark,* 6 Taunton, 29; *Harman* v. *Tappenden,* 1 East, 555; *Gossley* v. *Georgetown,* 6 Wheaton, 593; *City of St. Louis* v. *Gurno,* 12 Missouri, 414; *Taylor* v. *City of St. Louis,* 14 Missouri, 20; *Hoffman* v. *City of St. Louis,* 15 Missouri, 651; *Radcliff's Executors* v. *Mayor, etc., of Brooklyn,* 4 Comstock, 195.)

*J. H. McKune,* for Respondent.

It did not require authorities to support the proposition relied on by appellant, that the plaintiff could not recover without showing "negligence or want of ordinary care." Plaintiff relied upon carelessness and negligence on the part of defendant. The contract was to grade the roadway thirty-four feet in width; but the defendant filled the roadway to the extreme eastern boundary of the street. The slope was made one and a half to one. The contract provided for that slope wherever necessary; and there was no evidence tending to show such necessity at that place. Here clearly was not only negligence, but an utter disregard of the rights of plaintiff in so adjusting the slope of the embankment as to push the buildings of plaintiff over, and into a pond of water.

That the defendant deposited earth on the land of plaintiff, and thereby damaged plaintiff, is undisputed, and a right of action thereupon accrued to plaintiff against defendant for such damage (*Himmelmann* v. *Spanagel*), and plaintiff would be entitled to recover without further negligence. (21 Barb. 68.)

By the Court, CROCKETT, J.:

The plaintiff was the owner of several lots situate in the City of Sacramento, fronting on First street, and of several frame buildings erected thereon. The substance of the complaint is that the defendant and his servants wrongfully entered upon said lots, and "unlawfully, willfully, carelessly, and negligently threw, deposited, and forced stones, gravel, earth, and other solid and weighty substances upon and against such buildings, and upon and against the timbers supporting the same," whereby the timbers were forced from their places, and the buildings were thrown down and destroyed.

Among other defenses, the answer sets up that the defendant was employed by the City of Sacramento to raise the grade of First street in front of the plaintiff's premises, and that he performed the work in accordance with the contract, under the orders and directions of the Trustees of the city and its officers authorized by law to superintend the same; that the work was performed in a proper, discreet, and careful manner, doing no more damage than was necessary; that the plaintiff's buildings were located on or near the street, and that the plaintiff had due notice of the grading of the street, and might, by the exercise of reasonable care, have protected the buildings from damage, but negligently omitted to do so, whereby the buildings fell down and were destroyed without any fault of the defendant.

At the trial the plaintiff proved the value of the buildings, and that they were thrown down and destroyed by the pressure of the earth and other materials deposited in the street by the defendant in raising the grade under his contract. The plaintiff then rested, and the defendant moved for a nonsuit, on the ground that there was no evidence tending to show that the work was performed in a careless or improper manner, or that the damage was owing to any

carelessness or negligence on the part of the defendant, his agents, or servants. The motion was denied, and the defendant excepted and assigns this ruling as error.

After a careful examination of the evidence in chief for the plaintiff, I discover none which tended, in the slightest degree, to prove that the work of grading the street was performed in an improper, careless, or negligent manner, or that the damage to the plaintiff's property resulted, in any degree, from a want of proper care or skill on the part of the defendant or his servants. It was proved that the plaintiff had notice of the grading of the street; and some days before the buildings were damaged, sent a carpenter to examine them, who reported to her that they could be protected from injury by the erection of a bulkhead; but she made no effort to erect it, so far as the proof shows. The city had the right to raise the grade of the street; and if the contractor performed the work with proper care and skill, he is not responsible for any damage which may have resulted to the contiguous property. This is settled by an overwhelming weight of authority, and is apparently conceded to be the law by the plaintiff's counsel. (4 Dumpf. & East, 794; 1 Denio, 595; 9 Watts, 382; 1 Pick. 418; 12 Mass. 220; 6 Wheat. 593; 12 Mo. 414; 1 Const. 195, 203.)

Negligence or want of skill in the work will not be presumed, but must be proved. As already stated, there was no such proof on the part of the plaintiff, before she rested her case, and the nonsuit ought, therefore, to have been granted. Nor, so far as I can discover, was the omission supplied at any subsequent stage of the case.

Judgment reversed and cause remanded for a new trial.

Mr. Justice Temple did not participate in the foregoing decision.