[No. 13159.   Department One. — January 29, 1890.]

## CHARLES S. DURGIN, RESPONDENT, *v.* JUANA NEAL ET AL., APPELLANTS.

NEGLIGENCE — EXCAVATION OF STREET — FLOODING OF BASEMENT — PLEADING — GIST OF ACTION. — In an action for damages for injury to merchandise, caused by the flooding of a basement wherein the same was stored, an allegation in the complaint which states that defendants made an excavation in the street and sidewalk in front of and adjoining the premises of plaintiff in such manner that rain-water was allowed to accumulate and flow in and upon the premises of plaintiff, and into and upon his stock of goods, wares, and merchandise, etc., is a sufficient statement of facts to show negligence of the defendants, as against a general demurrer. The gist of the action is not the making of the excavation, but in negligently allowing the rain-water to accumulate and flow into plaintiff's cellar, which sufficiently appears from the allegation to warrant the overruling of the demurrer.

ID. — CONTRIBUTORY NEGLIGENCE — PLEADING. — An allegation in the complaint that the injury was caused by defendant's acts, and without the consent of plaintiff, is immaterial, as the plaintiff is not required to allege that he was not guilty of contributory negligence.

ID. — PROXIMATE CAUSE OF INJURY — DAMAGES. — A defendant charged with negligence is only liable for such damages as are directly and proximately caused by his negligence. When the findings show that the damages allowed did not wholly result from the acts or neglect of defendants, but resulted in part from obstructions placed in the excavation by other persons, with whom defendants do not appear to have had any connection, a judgment against defendants for the whole damage must be reversed.

PETITION FOR REHEARING IN BANK — CONSTITUTIONAL LAW. — Although a petition for a rehearing by the court in Bank is filed within thirty days after the judgment of the Department was pronounced, if it does not reach the hands of the court until after the expiration of the period of thirty days allowed by the constitution for ordering a rehearing, the petition must be denied, irrespective of its merits.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The complaint alleged that in January, 1888, the plaintiff was in possession of the basement of the Wollacott Block in Los Angeles, and had therein a stock of books and albums in good condition, and proceeded to aver as follows: "That in said month of January, 1888, the said defendant did dig and excavate the land and premises next to and adjoining the said premises so occupied by the plaintiff, and did dig and excavate the public street and sidewalks of Spring Street, in front of and adjoining the premises so occupied by the plaintiff, and did cause the same to be done in such a manner as to allow the rain and water to accumulate upon and flow into the plaintiff's said premises, and that by the acts of the defendants the rains and water flowed into and upon the said premises of the plaintiff, and into and upon his stock of goods, wares, and merchandise, to wit, books and albums, and did cover the same with water and with filth, whereby the plaintiff's said stock was injured, damaged, and destroyed, in the amount of three hundred and eighty-four dollars ($384); that said injury to plaintiff's said stock of goods was caused by the defendants' acts, and without the consent of the said plaintiff." The complaint was demurred to for want of facts sufficient to constitute a cause of action. Further facts are stated in the opinion.

*Shaw & Damron,* for Appellants.

*Brousseau & Hatch,* for Respondent.

Gibson, C. — This was an action to recover damages for injury to plaintiff's merchandise, caused by the negligence of defendants in flooding a cellar wherein the same was stored.

At the trial, which was before the court without a jury, the defendant Neal, the owner of the premises upon which her co-defendants were erecting a building for her, and who does not appear to have either demurred

or answered, moved for and obtained a nonsuit. The
trial then proceeded against the defendants McNally and
Young, and resulted in a judgment against them for
$321 damages and $53.15 costs. From that judgment
McNally and Young appeal.

The first point urged by them as a reason why the
judgment should not stand is, that the court erred in
overruling their general demurrer to the complaint, be-
cause the second allegation thereof fails to state facts
showing any negligent or unlawful acts upon their part.

The portion of the complaint referred to, shorn of its
verbiage, in substance states that in January, 1888, the
defendants dug and excavated the street and sidewalk
of the public street in front of and adjoining the prem-
ises occupied by plaintiff, in such a manner as to allow
the rain and water to accumulate and flow into the ad-
joining premises of plaintiff, and cover his merchandise,
consisting of books and albums, with water and filth, to
his damage in the sum of $384.

The gist of the action was not in merely making the
excavation in front of the adjoining premises, for that
they had a right to do, but in negligently allowing the
rain-water to accumulate and flow into plaintiff's cellar.
Such negligence sufficiently appearing, the demurrer was
properly overruled. (*Hoffman* v. *T. C. W. Co.*, 10 Cal.
413.)

An attempt was made in the complaint to show that
plaintiff was not guilty of contributory negligence, by
alleging that the damage was caused without the consent
of plaintiff; but as plaintiff was not required to show this,
the allegation was immaterial. (*Yik Hon* v. *S. V. W. W.
Co.*, 65 Cal. 619; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 410.)

The other point urged by the appellant is, that the
findings are outside of the issues. The main issue ten-
dered by the pleadings was as to whether in excavating
in the street in front of and adjoining the premises of
plaintiff, the defendants negligently permitted the rain-

water to accumulate and escape into plaintiff's premises, to the injury of his merchandise. Upon this the court found:—

"5. The excavation itself was made in the ordinary way, and with ordinary care, and without any negligence, except as hereinafter found, on the part of the defendants. But in making the excavation and constructing the said building, and the elevator-hole, the said defendants, Mc-Nally and Young, placed obstructions in the street and gutter in front of said premises, which obstructions, together with other obstructions therein placed by other parties, caused the rain-water which fell during the night at the date when the damage was done to plaintiff, as hereinbefore found, to overflow the street, gutter, and sidewalk, and to flow into said elevator-hole, and into said excavation on the lot of the said defendant Neal, and also into the premises occupied by the plaintiff." And thereby damaged his merchandise to the extent of $321.

In *Berry* v. *S. F. & N. P. R. R. Co.*, 50 Cal. 435, which was an action to recover for injuries to plaintiff's premises, caused by the defendant corporation entering upon the same, making surveys, tearing down his fences, and destroying his crops, etc.; upon the trial, evidence was received from plaintiff, against the objection of defendant, that hogs had invaded plaintiff's land because the fences were down, and damaged and nearly destroyed his wheat crop. The admission of such evidence was held to be erroneous, because the damage it tended to prove was not the direct result of the trespass of the defendant.

So in this case, as shown by the findings, the damage sustained by the plaintiff did not wholly result from the acts of defendants in placing the obstructions in the street in making the excavation, so as to cause the water to flow into plaintiff's premises and damage his merchandise, but resulted in part from *other obstructions there*

*placed by other persons.* Therefore, applying the same principle that was applied in the above case, it follows that, as the defendants could not be held liable for damages not proximately caused by their negligence, the court erred in finding that they were liable for damages resulting from the acts of other persons, with whom they do not appear to have had any connection. See Civil Code, section 3333, which confines the measure of damages to compensation for all detriment, whether it could have been anticipated or not, proximately caused by the breach of an obligation not arising from contract.

The trial court, in finding as it did, went beyond the issues presented, and the judgment should therefore be reversed, and the cause remanded for a new trial.

Hayne, C., and Foote, C., concurred.

The Court. — For the reason given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.

The following opinion was rendered by the court in Bank, on petition for rehearing, on the 1st of March, 1890:—

Beatty, C. J.—The petition for a rehearing in this case must be denied, irrespective of its merits, for the reason that although filed in Los Angeles before the expiration of the thirty days after the judgment of the Department was pronounced, it did not reach the hands of the court until one day after the expiration of the thirty days within which the order for a rehearing in Bank *must* be made, if made at all. (Const., art. 6, sec. 2.)