Schroeder vs. City of Baraboo.

━━━━━━━━

SCHROEDER, Appellant, vs. CITY OF BARABOO, Respondent.

*March 30 — April 14, 1896.*

*Municipal corporations: Sewers and drains: Flooding private property.*

A city is liable for injury to private property, whether situated below or on the grade of the street, caused by surface water or sewage which, after having been collected in a public drain or sewer, es-

93   95
d108 36†

93        95
61 LRA 688n
61 LRA 701n
61 LRA 708n

Schroeder vs. City of Baraboo.

capes therefrom upon such property by reason of the negligent construction of such drain or sewer or the want of proper repair thereof or the negligent discontinuance thereof by closing up the outlet; and this rule applies to a drain or sewer over which the city has assumed and exercised control, even though it was originally constructed wholly or in part by private persons.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action for damages alleged to have been caused to plaintiff's property by negligence on the part of the defendant. Plaintiff owned lot 12, block 32, city of *Baraboo*, being the corner lot bounded by Birch street on the east and by Second street on the south. There was a building on the southeast corner of the lot. The lower or basement story was about four feet below the surface of the street, with an area way on the east side, between the building and the street line, eight feet wide, extending from the southeast corner of the lot north about forty feet, and west twelve feet. On the east side of the lot there was a stone wall. The surface of the lot at the place the building was located was lower than the surface of the ground for a considerable distance east and west.

Some years previous to the injury to plaintiff's property complained of, there was a drain constructed from a point several blocks north of plaintiff's property down to the block in which the lot was situated, in a southeasterly direction across the corner of such block, and across the northeast corner of the lot in question, to and into Birch street, and down Birch street, opposite such lot, to Second street; thence through a culvert across and under Second street; thence southerly to a ravine; thence down such ravine to the Baraboo river. There was evidence tending to show that such drain was constructed in part by the public corporation to which the city of *Baraboo* succeeded. There were lawfully connected with it a number of privy vaults.

Schroeder vs. City of Baraboo.

After the maintenance of this drain as above set forth for a term of years, and after the organization of the defendant city, and before the occasion complained of, such city adopted a sewerage system; and, in the process of the construction of such system, there was evidence tending to show, the outlet of the drain at the point below plaintiff's property was walled up. In the new sewerage system a catch basin was located at the southeast corner of plaintiff's lot, to take the surface water that might flow south on the west side of Birch street and east on the north side of Second street, and the water that might naturally settle at that point on account of the topography of the surrounding country.

At the time in question there was a severe rain storm, which taxed the capacity of such sewer to carry off the water that naturally flowed in the direction of the catch basin mentioned, and there was evidence tending to show that by reason of such unusual fall of water, and the incapacity of the catch basin on that account, the water overflowed into plaintiff's lot. There was also considerable evidence tending to show that the water from the surface at a point a considerable distance above plaintiff's property flowed into the old drain, and, by reason of its having been walled up at the outlet below plaintiff's property as above stated, water backed up and accumulated in the drain till the pressure became sufficiently great to cause the water to burst through the bank between such drain and plaintiff's lot on Birch street into the area way, filling up the same to the depth of several feet with water and with a considerable amount of filthy sewage, thereby damaging plaintiff.

At the close of the plaintiff's testimony, defendant's counsel moved the court for a nonsuit, which motion was granted. Judgment was thereupon entered in defendant's favor for costs, and plaintiff appealed.

*Herman Grotophorst*, for the appellant, argued, among other things, that this case is identical with one where a

city has allowed a sewer to become obstructed or out of repair, in which case the city would be liable. *Wessman v. Brooklyn*, 16 N. Y. Supp. 97; *Kiesel v. Ogden City*, 8 Utah,. 237; *Taylor v. Austin*, 32 Minn. 247; *Stock v. Boston*, 149 Mass. 410; *Denver v. Rhodes*, 9 Colo. 554. If a sewer is improperly constructed, or damage is caused by reason of the carelessness of the agents of the city in putting it in, the city is liable. *Ashley v. Port Huron*, 35 Mich. 296; Dillon,. Mun. Corp. (3d ed.), § 1048; *Anderson & Son v. Wilmington*, 8 Houst. 516; *Haus v. Bethlehem*, 134 Pa. St. 12; *Chalkey v. Richmond*, 88 Va. 402; *Bates v. Westborough*, 151 Mass. 174; *Hughes v. Fond du Lac*, 73 Wis. 380; *Stock v.. Boston*, 149 Mass. 410; *Frostburg v. Hitchins*, 70 Md. 656; *Beach v. Elmira*, 11 N. Y. Supp. 913; *Evers v. Long Island City*, 78 Hun, 242; *Seymour v. Cummins*, 119 Ind. 148; *Mulcairns v. Janesville*, 67 Wis. 24; *Gilluly v. Madison*, 63 id. 518. The fact that a basement is lower than the street does. not prevent a recovery. *Spangler v. San Francisco*, 84 Cal. 12; *Rochester White Lead Co. v. Rochester*, 3 N. Y. 463; *Barton v. Syracuse*, 36 id. 54; *Ashley v. Port Huron*, 35 Mich. 299.

*R. D. Evans*, for the respondent, cited *O' Connor v. F. du L.,. A. & P. R. Co.* 52 Wis. 526; *Waters v. Bay View*, 61 id.. 642; *Hoyt v. Hudson*, 27 id. 656; *Pettigrew v. Evansville*, 25' id. 223; *Rawstron v. Taylor*, 11 Exch. 369; *Johnson v. C., St. P., M. & O. R. Co.* 80 Wis. 641; *Champion v. Crandon*, 84 id. 405, 19 L. R. A. 856; *Weis v. Madison*, 75 Ind. 241, 39' Am. Rep. 135; Dillon, Mun. Corp. (3d ed.), § 1051; *Freburg v. Davenport*, 63 Iowa, 119, 50 Am. Rep. 737; *Morris v.' Council Bluffs*, 67 Iowa, 343, 56 Am. Rep. 343; *Atchison v. Challiss*, 9 Kan. 603.

MARSHALL, J.    Was the nonsuit properly granted? That is the sole question for consideration, and it turns on whether,. giving plaintiff's evidence the most favorable construction.'

it will reasonably bear, including all reasonable inferences arising therefrom, and assuming that it establishes all the facts it tends to prove, it will support a judgment in plaintiff's favor. *Spensley v. Lancashire Ins. Co.* 54 Wis. 433. In applying this rule, we must bear in mind that the evidence tends to show that the old drain was constructed in part at least by public authority; that some control was exercised over it by the municipality both at the time of its construction and afterwards; that it was closed up at the time of the construction of the new sewerage system at a point below plaintiff's property; that the circumstances were such that there was reasonable ground to expect that, by reason of its being· closed up, in case of a rainfall, surface water and sewage might probably accumulate therein, back up, and the pressure become so great as to cause such water and sewage to escape therefrom onto plaintiff's property, to his damage. Now, unless, as a matter of law, under such circumstances, plaintiff is not entitled to recover, the nonsuit was properly granted, and the judgment must be affirmed; otherwise it must be reversed.

Defendant invokes the law in respect to the right of municipalities to free the streets and public grounds of surface water, to sustain the nonsuit, and it is quite clear that the learned circuit judge deemed the law governing such subjects applicable to the facts; overlooking the state of the case, as it appears from the evidence, tending to show that by reason of negligent construction of the sewer, or the closing of the old drain, surface water collected in such drain and was caused to back up and break through therefrom into plaintiff's property. The law is well settled that a city may lawfully, and without being liable to the owners of private property, construct sewers and drains for the purpose of ridding its streets of surface water, strictly so called, though the result be to divert and cause the same to flow upon adjoining private grounds, or increase such flow.

*Waters v. Bay View,* 61 Wis. 642; *Allen v. Chippewa Falls,* 52 Wis. 430; *Hoyt v. Hudson,* 27 Wis. 656; *Heth v. Fond du Lac,* 63 Wis. 228; *Champion v. Crandon,* 84 Wis. 405. This subject has been so thoroughly, frequently, and exhaustively considered in this court that there is nothing new that can be said in respect to it; and a restatement of the law at this time, with reference thereto, and a discussion of authorities, will serve no valuable purpose. It does not apply to the instant case.

To be sure, in *Champion v. Crandon, supra,* it is said, and properly so, in effect, that a mere mistake in the plan of constructing a sewer, or mere negligence in doing a work which the city has a right to do, in respect to getting rid of surface water, which right extends to the full power to free the streets and highways and public grounds of the municipality from surface water, even though its former course be changed and it be caused, in consequence, to flow upon other property than theretofore, will not subject the public corporation to an action for damages; and it is the law that negligence on the part of the municipality cannot be predicated on a mere failure to construct gutters or sewers of a sufficient capacity to carry off surface water in case of an extraordinary storm, such that a person of ordinary prudence would not ordinarily anticipate and provide against it. *Allen v. Chippewa Falls, supra.* Nevertheless, the city is answerable for negligent original construction of a sewer or drain, or failure to keep the same in repair, or a discontinuance thereof by walling up the outlet, so as to cause water to gather therein and burst out or otherwise escape therefrom in large quantities into cellars and basements, whether located above or below the grade of the street. The difference between the law invoked by the respondent and applied by the learned circuit judge, supported by *Champion v. Crandon, supra,* and many other cases in this and other courts, and the instant case, is clearly pointed out in

*Gilluly v. Madison*, 63 Wis. 518. That was an action for damages caused by the negligent construction and maintenance of a gutter, whereby the water was caused to collect therein and then to escape into plaintiff's basement, located below the grade of the street. The court held that the acts complained of constituted an actionable wrong. In delivering the opinion, Cole, C. J., said, in effect, that it is the duty of the city to exercise reasonable care in the construction of its gutters, and not to allow them to be filled up so as to cause water to accumulate from adjoining streets and other sources and to escape therefrom to the injury of property owners, whether situated below or on the grade of the street. To the same effect is *Ashley v. Port Huron*, 35 Mich. 296.

It may be stated generally as the law that where private property is flooded by water and sewage, whether such property be on the grade of the street or below such grade, either by such water and sewage, after having been collected in such sewer or drain, escaping therefrom to such property by reason of the negligent construction of such drain or sewer, or want of proper repair of the same, or by negligent discontinuance thereof by closing up the outlet, the city is liable. Such is the doctrine of *Gilluly v. Madison, supra,* and to the same effect are *Hitchins Bros. v. Frostburg*, 68 Md. 100; *Defer v. Detroit*, 67 Mich. 346. And this is so though the sewer or drain be originally constructed wholly or in part only by private parties, if the municipality assumes the control and maintenance of it. *Taylor v. Austin*, 32 Minn. 247.

The evidence in this case clearly tends to establish actionable negligence on the part of the respondent, within the rule above stated. It follows that the nonsuit was improperly granted, and that the judgment must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.