[S. F. No. 7595.  In Bank.—September 16, 1916.]

## S. W. NORTON, Respondent, v. RANSOME-CRUMMEY COMPANY, Appellant.

Municipal Corporations—Repairs of Streets—Liability for Consequential Damages to Adjoining Owner.—Municipal corporations, acting under authority conferred by the legislature to make and repair, or to grade, level, and improve streets, if they exercise reasonable care and skill in the performance of the work resolved upon, are not answerable to the adjoining owner whose lands are not actually taken for consequential damages to his premises, unless there is a provision in the charter of the corporation or some statute creating the liability.

Id.—Removal of Blocks of Gutter—Percolation of Water into Adjoining Basement.—A contractor with a municipality for the repair of a street, whose contract required him to remove the basalt blocks which formed the base of a gutter at or near the line of the basement of an adjoining land owner, and who does so in a proper manner, is not liable for consequential damages to the adjoining land owner, caused by rain-waters which percolated through the exposed sandy soil from which the blocks had been removed and thence through an ineffectual basement wall and into the basement

of the adjoining owner. (Per Melvin, J.; Lorigan, J., and Henshaw, J., concurred. Angellotti, C. J., concurred in the reversal of the judgment, on the ground that the evidence did not show that the contractor had failed to use reasonable care to avoid injury to the adjoining property owner, and Shaw, J., dissented on the ground that the evidence, reasonably construed, was sufficient to support the finding that the defendant failed to use such reasonable care.)

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Raleigh E. Rhodes, and R. M. F. Soto, for Appellant.

Harris & Hayhurst, M. K. Harris, and J. P. Bernhard, for Respondent.

MELVIN, J.—This appeal was heard originally by the district court of appeal of the first appellate district, and the following opinion, prepared by Mr. Presiding Justice Lennon, was announced by that court:

"The plaintiff is the lessee, and is also the assignee of another lessee, of certain premises consisting of store rooms and basements on Mariposa street in the City of Fresno. At some time prior to the injuries complained of the plaintiff and his assignor had each applied to the city council of Fresno for permission to extend their respective basements out under the sidewalk of Mariposa street to a distance at or near the gutter line; and being granted such permission, made the extension, building brick walls along the line thereof and adjacent to the gutter line of the street. The City of Fresno is the owner of the fee of said Mariposa street. The street being in need of repair, a contract was let to the defendant, by the terms of which it was required to remove the basalt blocks which had hitherto formed the base of said gutter, in order to replace them with other material. While these blocks were so removed opposite the premises of the plaintiff and his assignor a rainstorm came on, which flooded the gutter, the water flowing down through the unprotected portion of the gutter to and through the brick walls along the extended line of these two basements, which walls proving an ineffectual barrier to those waters, they flooded the basements and caused the dam-

age to the goods of plaintiff and his assignor for which recovery is sought in this action. From a judgment awarding such damages and from an order denying a new trial the defendant prosecutes this appeal.

"The plaintiff's complaint alleges that the defendant negligently and carelessly removed the stone gutter and protecting curb in front of said premises, and 'negligently and carelessly left said basement of said premises open and unprotected,' by reason whereof the detriment occurred. The court in its findings has found this averment to be true; but it was stipulated at the trial, and is conceded upon this appeal, that the defendant was in all respects performing in a workmanlike manner the terms of its contract with the city, and was in no wise negligent in that regard; so that the only negligence upon which the plaintiff can rely to support the court's finding must consist in the fact that the defendant, by its act in removing the basalt blocks and curb of the gutter, according to the requirements of its contract, and in an otherwise proper manner, put said gutter in such a condition that it would not and did not retain the flood waters of the storm, but permitted the same to reach and penetrate the plaintiff's ineffectual wall into the basements. The question which arises out of this state of facts, and which is practically the only question in this case, is as to what duty the city, or the defendant, its contractor, owed this plaintiff and his assignor in respect of the protection of their property from consequential damages growing out of the repair of the street when, as is conceded, such repair is being made in accordance with contract and in a proper and workmanlike manner?

"The supreme court of this state, in the early case of *Shaw* v. *Crocker,* 42 Cal. 435, laid down the rule that cities, having the right to improve and grade their streets, neither they nor their contractors are responsible for consequential damages to adjacent property when such work is performed with proper care and skill. The same doctrine was later adhered to in the case of *Reardon* v. *San Francisco,* 66 Cal. 492, [56 Am. Rep. 109, 6 Pac. 317], wherein the court declared that it was the universally accepted rule that in the making of street improvements the city is the agent of the state, and is performing a public duty imposed upon it by law; and that neither it nor its duly authorized agents are answerable for consequential damages as a result of such work when done with proper

care and skill. And the court in that case went further in holding that the owners of property adjacent to streets in the course of such improvement or repair, were bound to take steps to protect their own property from the liability of such injury. It is true that in the case last cited the court construed and applied the rule adopted by the then recent change in the state constitution relating to compensation for property taken or *damaged* for public use; but that question does not arise in the present case. The general rule, in harmony with the foregoing cases, is thus laid down by Dillon in the latest edition of his work on Municipal Corporations: 'In view of the nature of streets, and of the control over them which of right belongs to the state, and of the nature of ownership of lots bounded thereon, which implies subjection if not consent to the exercise and determination of the public will respecting what grades or changes in the grade thereof shall from time to time be found necessary, and what other improvements thereon or therein (within the legitimate purposes of a street) shall be found expedient, it results, we think, that adjoining property owners are not entitled, of legal right, without statutory aid, to compensation for damages which result as an incident or consequence of the exercise of this power by the state, or the municipality by delegation from the state. Accordingly the courts by numerous decisions in most states have settled the doctrine that municipal corporations, acting under authority conferred by the legislature to make and repair, or to grade, level and improve streets, if they exercise reasonable care and skill in the performance of the work resolved upon, are not answerable to the adjoining owner whose lands are not actually taken for consequential damages to his premises, unless there is a provision in the charter of the corporation or some statute creating the liability.' (2 Dillon Municipal Corporations, sec. 782-3, and cases cited.)

"In view of the foregoing statement of the general trend of authority touching the question in issue here, we are constrained to hold that the defendant was guilty of no breach of duty in the performance of the work of making the street repairs in question under its contract with the city of Fresno, of which the plaintiff can complain; but that on the other hand, it was the duty of the plaintiff and his assignor to protect their respective premises excavated below the street level, and which they had extended beyond the street line into prox-

imity with this gutter as mere licensees of the city, from the possibility of consequential damages occurring through the course of proper street repairs. The cases cited by the respondent announcing a rule apparently at variance with the foregoing principles will be found upon analysis to involve questions of negligence in the performance of the work which were eliminated from the case at bar.''

Subsequently, a hearing in this court was ordered. Upon further consideration of the case we are constrained to agree with the conclusions reached by the district court of appeal, and to adopt the opinion of that court.

It was alleged in the complaint, and found by the court to be true, that: ''Defendant negligently and carelessly removed the stone gutter and protecting curb on the street in front of said premises and negligently and carelessly left said basement of said premises open and unprotected, so that by reason of said negligence and carelessness on the part of defendant, a large quantity of rain water ran into said basement.'' Undoubtedly, if the work done by defendant had made an opening into the basement through which water could have run, the consequent damage from rain occurring during the progress of the work would be chargeable to the contractor. The proof showed, however, that the removal of the stones forming the gutter (the curb not being disturbed) merely exposed the sandy soil and permitted the water to find its way to that which Mr. Justice Lennon aptly calls ''the plaintiff's ineffectual wall.'' True, the action of the water eventually made a hole through which a stream poured into the basement, but that was after the ''ineffectual wall'' had collapsed. The question, then, is this: Was the contractor, when it had, in the proper execution of its contract, removed the stones forming the bed of the gutter, obligated to protect plaintiff and his assignor from the consequences of the seepage of water through the sandy soil and through an underground wall which was not water tight? We feel bound to answer this question in the negative. Suppose, for example, that there had been no wall at all, and that through the negligence of the superintendent of streets the removal of the blocks forming the gutter had been permitted, resulting in the seepage of water into the cellar. In such a case could the owner of the property charge the city with liability for failing to protect the cellar? We think not. The officers of the city might well

say to the owner: ''You were given a license to excavate under the sidewalk, but the city did not promise to keep your cellar dry by constantly maintaining a waterproof street in front of your premises.'' Obviously such contention must be correct. If the rule were otherwise the city would be estopped from repairing, regrading, or removing the pavement from the street for any purpose except in dry weather. If, then, the city would not be required to insure the property owner against percolation of water into his unwalled basement, may a court hold the city's contractor for the penetration of the pervious and inadequate wall by the water which went through the sandy soil after the removal of the stones which formed the gutter? We think not. If the wall had been properly constructed it would have turned any water which might have soaked through the sandy soil. Surely it was not the contractor's duty to know that the basement was inadequately walled. There was no proof of great hydraulic force exerted against the wall, nor of the maintenance of a large body of water exercising hydrostatic pressure thereon. On the contrary, the evidence showed a very slight rainfall during the time that the natural soil of the street was uncovered. That the wall was totally inadequate to keep out water is very evident from the proof adduced at the trial. Surely it was no part of the duty of defendant to go upon the property of plaintiff and repair the latter's masonry. (*Alta Planing Mill Co.* v. *Garland,* 167 Cal. 179, [138 Pac. 738].) Any default upon the contractor's part must have been due to its negligence in prosecuting or in failing to safeguard the work required of it under the contract. That the work of removing the blocks from the gutter was done in the usual manner is admitted; that the contractor was not bound immediately to replace the material removed with other substance impervious to water we are certain.

While some of the cases cited by respondent seem to be at variance with our conclusions, the facts in each of them differ from those presented by the record before us in this case.

For example, in *Schumacher* v. *City of New York,* 166 N. Y. 103, [59 N. E. 773],) it was held that the lower court erred in not permitting the evidence to go to the jury. The facts were that a trench had been dug two feet from the curb, that this excavation was several rods long, four or five feet wide, and *more than eight feet deep;* that the earth taken from the

trench was so placed as to obstruct the gutter and a culvert; and that the trench "thus became a pocket for all the surface drainage of a large area." During a heavy rain, water accumulated in the trench, "washed out the sand between it and the basement wall and then percolated through the wall into the basement." Although the work was done under the supervision of the city's inspector it made no attempt "to open the gutter, uncover the culvert, protect the trench or provide for water." Hence the court of appeals held, very properly, that there was sufficient evidence to go to the jury. In the case at bar there was no such evidence of a large body of water negligently maintained for a long period of time in contact with the wall surrounding the basement. The case is not, therefore, controlling nor even persuasive against our conclusions in the case now before us.

*Schroeder* v. *City of Baraboo,* 93 Wis. 95, [67 N. W. 27], also presents a set of facts totally dissimilar to those set forth in this record. In that case plaintiff alleged damage to his property by reason of the incapacity of the defendant's new drainage system, and by the bursting of the drain which defendant had caused to be obstructed. There was evidence tending to support these allegations, and the supreme court held that the lower court erred in granting a motion for nonsuit.

In *Wallace* v. *City of Muscatine,* 4 Greene (Iowa), 373, [61 Am. Dec. 131], also cited by respondent, the complaint contained allegations to the effect that plaintiffs were damaged by the improper and unskillful construction of certain culverts, drains, and gutters by which water was made to flow upon their land; and that the city, in the construction of these works, carelessly and negligently left them in an unfinished state whereby a large quantity of water was made to flow upon and injure the property in question. It was held that a demurrer to this pleading had been erroneously sustained. This authority is not in any way opposed to the views expressed above.

From the foregoing it follows that the judgment and order must be reversed, and it is so ordered.

Lorigan, J., and Henshaw, J., concurred.

ANGELLOTTI, C. J., Concurring.—I concur in the judgment. The evidence does not, in my opinion, fairly furnish

sufficient support for a conclusion that the defendant was guilty of any negligence with relation to the plaintiff or his assignor. If in doing the work it had contracted with the city to do, it used reasonable care to avoid injury to the property of others, concededly it cannot be held to have been negligent. To my mind there is nothing in the record fairly warranting a conclusion that it knew, or had any reason to believe, that the basement walls were in such a condition that a possible rainfall, while its work was in progress, might cause water to penetrate the same and thus gain access to the basements, or that there was anything reasonably putting it to inquiry regarding this matter. Apparently the owners themselves were fully aware of the work being done. I am entirely unable to see any reasonable support for a conclusion that defendant failed to use reasonable care to avoid injury to the property of those fronting on the line of the work.

SHAW, J., Dissenting.—I dissent. I am of the opinion that if matters of common knowledge were considered in connection with the facts proven, and all reasonable inferences therefrom indulged in favor of the action of the court below, there is enough evidence to support the finding that the defendant did not exercise reasonable care to protect the basement of plaintiff from injury in case of the rain then threatening. This, in my view, is the only question in the case. Being a question of fact, and as the evidence may be different upon a new trial, I should deem it useless to express my dissent if there were no other reason therefor.

I do so solely to emphasize the fact that the views of the majority, except on the point above stated, do not constitute a decision of the court, only three justices concurring on the other points discussed. The intimation and statements that it was the duty of the plaintiff to construct a retaining wall impervious to water, and that one lawfully replacing the pavement of a public street, under authority from the city, is not liable for damages from his failure to use ordinary care to protect the property of abutting owners from overflow or accumulations of rain-water caused by his temporary interference with the surface of the street, do not constitute the law of this case. In my opinion they are contrary to our own decisions and against the principles of justice. (*Stanford* v. *San Francisco*, 111 Cal. 198, 202, [43 Pac. 605]; *Durgin* v.

*Neal,* 82 Cal. 595, [23 Pac. 133] ; *Parker* v. *Larsen,* 86 Cal. 236, [21 Am. St. Rep. 30, 24 Pac. 989] ; 3 Farnham on Waters, p. 2625, sec. 895; *Paolini* v. *Fresno Canal Co.,* 9 Cal. App. 1, [97 Pac. 1130] ; *Crommelin* v. *Coxe,* 30 Ala. 318, [68 Am. Dec. 120] ; *Shields* v. *Orr etc. Co.,* 23 Nev. 349, [47 Pac. 194].)