[Civ. No. 6633. First Appellate District, Division One.—July 30, 1929.]

NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent, v. JAMES CURRIE, Appellant.

J. W. Coleberd for Appellant.

Orrick, Palmer & Dahlquist and Christopher M. Jenks for Respondent.

KNIGHT, J.—Defendant appeals from an adverse judgment in the sum of $481.88 in an action to recover damages for the alleged negligent injury to plaintiff's right of way fence, committed by defendant while performing certain highway construction work under a written contract with the county of Marin. The appeal is taken on the judgment-roll alone, and the points urged for reversal are that the complaint does not state facts sufficient to constitute a cause of action and that the findings do not support the judgment. As will hereinafter appear, both points are based upon the single legal contention that the liability for the injury, if any there was, was upon the county of Marin and not the defendant as contractor.

In paragraph II of the complaint it was alleged in substance that defendant, "while purporting to act under and pursuant to a contract theretofore entered into" by him with the county of Marin, constructed certain improvements, fills and paving upon the highway adjacent to and parallel with plaintiff's right of way, along which plaintiff maintained a fence. And in paragraph III of the complaint it was alleged that in performing said construction work defendant wilfully and negligently piled dirt and other materials against plaintiff's fence and did thereupon and

thereafter wilfully and negligently remove, bend and otherwise injure said fence to plaintiff's damage in the sum of $481.88.

Besides denying many of the allegations of the complaint the answer sets up a separate defense (par. V) alleging that "the improvement work and fills mentioned in Paragraph II of plaintiff's complaint and all work performed by plaintiff upon the road or highway mentioned in plaintiff's complaint were done and performed under and pursuant to that certain contract entered into between the County of Marin, State of California, and said defendant, a copy of which contract is marked 'Exhibit A' annexed hereto and made a part hereof, and that all said work was performed under the direction and to the satisfaction of the County Surveyor of said County of Marin." In this connection the contract provided that defendant should furnish all the labor and materials, and perform the work therein mentioned "in a good and workmanlike manner, under the direction and to the satisfaction of the County Surveyor of said County of Marin . . . and in accordance with and located at the places and in the manner specified in the plans and specifications . . . which are made a part of this contract."

The trial court found as follows: "That all the allegations of the complaint herein are true and that all the denials in the answer are untrue. That all the allegations contained in paragraph V of said answer are true."

■ Where a county contracts for the doing of construction work according to plans and specifications theretofore adopted and the contractor performs the work with proper care and skill and in conformity with the plans and specifications, but the work thus planned and specified results in an injury to adjacent property, the liability, if any there is, for the payment of damages, is upon the county under its obligation to compensate the damages resulting from the exercise of its governmental power (*Elliott* v. *County of Los Angeles*, 183 Cal. 472 [191 Pac. 899]; *De Baker* v. *Southern Cal. Ry. Co.*, 106 Cal. 257 [46 Am. St. Rep. 237, 39 Pac. 610]); ■ but where the contractor departs from the contract, plans or specifications, or goes beyond them, or performs the work planned and specified in an improper, careless, or negligent manner, which results in

injury to adjacent property, then he is responsible in damages for the tort he has committed (*Shaw* v. *Crocker*, 42 Cal. 435; *Reardon* v. *San Francisco*, 66 Cal. 492 [56 Am. Rep. 109, 6 Pac. 317]; *Eachus* v. *Los Angeles*, 130 Cal. 492 [80 Am. St. Rep. 147, 62 Pac. 829]; *Norton* v. *Ransome-Crummey Co.*, 173 Cal. 343 [159 Pac. 1177]; *Perkins* v. *Blauth*, 163 Cal. 782 [127 Pac. 50]).

A fair analysis of the allegations of the complaint herein shows that plaintiff's cause of action is founded upon alleged negligent acts committed by defendant outside of the work required to be done under the terms of the contract, and, therefore, under the authorities cited, a cause of action is stated against the contractor.

Defendant's point that the findings do not support the judgment is based upon the contention that in finding the allegations of paragraph V of the answer to be true the trial court in effect found that the work which defendant was required to do under the contract was performed by him in conformity therewith and with the plans and specifications, and that therefore the county and not the defendant as contractor is liable. But there is no allegation in paragraph V of the answer to that effect; and even though there were and the court found the same to be true, such finding would not have entitled defendant to judgment because, as pointed out, the allegations of the complaint are to the effect that the specific acts of negligence causing the injury were not such as defendant was required to perform under the contract. The trial court found those allegations to be true, and there is nothing before us to show to the contrary because the plans and specifications were not made part of the record.

As held in *Haight* v. *Haight*, 151 Cal. 90 [90 Pac. 197], "We must continually bear in mind the well-settled rule that findings are to be liberally construed in support of a judgment, that all of the findings are to be read and considered together and, if possible, are to be reconciled so as to prevent any conflict on the material points; and that unless the conflict is clear and the findings incapable of being harmoniously construed, a judgment will not be reversed on the ground of a conflict in the findings." (Citing cases.)

Applying the foregoing rules to the present situation we find no ground for reversal. The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 26, 1929.

All the Justices present concurred.