[Civ. No. 3251. First Appellate District, Division Two.—March 13, 1920.]

ALFRED HAGENAH, Respondent, v. W. E. BIDWELL et al., Appellants.

[1] NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE —USE OF WRONG SIDE OF ROAD—EVIDENCE—FINDING.—In an action for damages for personal injuries, a finding that at the time of the accident the motorcycle on which plaintiff was riding was proceeding in a westerly direction on the northerly or right-hand side of the highway and that defendants' automobile was proceeding in an easterly direction on the northerly or left-hand side of the highway is not sustained by the evidence where it appears without conflict that the motorcycle on which plaintiff was riding had been proceeding westerly on the southerly or left-hand side of the highway and defendants' automobile was proceeding easterly on the southerly or right-hand side of the highway, and that the driver of each machine was trying to avoid collision with the other, and each machine at the moment of the accident was proceeding diagonally north across and not along the road.

[2] ID.—BURDEN OF PROOF.—In such an action, it is not sufficient for the plaintiff to show that the accident occurred and that he was injured, but he must also show that the accident occurred by reason of the negligence of the defendants, or, as in this case, of the wife who was driving the machine.

[3] ID.—USE OF LEFT-HAND SIDE OF ROAD—NOT NEGLIGENCE PER SE. It does not follow as a matter of law that the defendants were negligent in being on the left-hand side of the highway at the moment of the collision, and the allegations of the complaint that they were traveling along the left-hand side of the highway do not make a case of negligence *per se*. There are certain circumstances under which the law permits one to use that portion of the highway.

[4] ID.—DUTY OF DRIVER TO AVOID COLLISION.—It is the duty of the driver of a vehicle who is suddenly confronted with danger, though arising from the fault of another, to seek to avoid a collision. Whether he has taken the proper course depends upon all the circumstances of the case.

[5] ID.—ISSUES PRESENTED—RIGHT TO FINDINGS.—When the question of negligence is one of fact and not one of law the defendants are entitled to a finding on the facts put in issue by their answer in order that the court may on appeal determine whether the trial court drew the proper conclusions of law from the facts so found.

[6] ID.—UNSUPPORTED FINDING THAT ALL ALLEGATIONS UNTRUE.— Where the circumstances under which the collision occurred were definitely put in issue by the answer and were proved substantially without conflict at the trial, a finding that all the allegations of the answer were untrue was not supported by the evidence.

[7] ID.—IMPUTATION OF NEGLIGENCE TO PLAINTIFF—ABSENCE OF RIGHT TO RECOVER.—Though the negligence of the driver of the motorcycle on which plaintiff was riding may not be imputed to the latter under a plea of contributory negligence, if the proximate cause of the collision with defendant's automobile was the negligence of the driver of such motorcycle, plaintiff may not recover from the defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

3. Rules of road governing vehicles proceeding in opposite directions, note, 41 L. R. A. (N. S.) 337.

7. Contributory negligence of driver as imputable to occupant of vehicle, notes, 3 Ann. Cas. 703; 9 Ann. Cas. 408, 938; 19 Ann. Cas. 1225; Ann. Cas. 1916E, 685; Ann. Cas. 1918B, 241; Ann. Cas. 1918C, 961; L. R. A. 1915B, 953.

The facts are stated in the opinion of the court.

C. B. Sessions and David K. Watkins for Appellants.

John D. Willard for Respondent.

NOURSE, J.—The defendants appeal from a judgment for personal injuries sustained by the plaintiff while riding on a motorcycle which, while being driven by one Reed, came into collision with an automobile driven by the defendant, Maude A. Bidwell.

The plaintiff alleged that at the time of the accident he was riding along a public highway "in a westerly direction and was on the extreme northerly side of said road within a foot from the northerly edge of said highway; that while riding as aforesaid plaintiff was on his right-hand side of the road" and that "the defendants were riding in their aforesaid automobile along said public highway in an easterly direction . . . and were going in the opposite direction to that in which the plaintiff was proceeding . . . ; that said defendants were driving said automobile on the northern side of said public highway, being their left-hand side of said highway and being the side on which the plaintiff was riding." The defendants, in addition to denying these allegations, affirmatively pleaded that, as they were proceeding easterly on the highway in question and on the right-hand or southern side thereof, the motorcycle driven by Reed was proceeding westerly toward them on the same side of the highway, being on Reed's left-hand side thereof; that Reed in driving the motorcycle approached so close to the automobile that a head-on collision appeared to be imminent; that confronted by this danger produced by Reed's negligence, the defendant, Maude A. Bidwell, turned the automobile to the left in a direction which caused it to move diagonally across the road to the north side; that at approximately the same instant Reed turned his motorcycle so that it headed diagonally across the road to his right, and that the collision occurred at the extreme north edge of the road. The evidence, without conflict in these essential particulars, shows that the accident occurred exactly as described in the answer. Notwithstanding these facts, judgment was rendered for the plaintiff, the only findings on these matters

being that the allegations set forth in the complaint were true and were facts established by the evidence, except in an immaterial particular, and that the denials and allegations in the answer and cross-complaints of the respective defendants were not true and not facts, except in immaterial particulars.

The defendants also pleaded contributory negligence on the part of the plaintiff in riding with Reed in the manner in which he was riding and under the conditions claimed by the defendants to have existed. It was contended at the trial that since Reed was not a party to this suit, the defendants' cross-complaints could not be sustained as against the plaintiff Hagenah. The arguments on behalf of the appellants on the subject of Hagenah's claimed contributory negligence may be disregarded, because on that subject the evidence was conflicting, and this court is bound by the finding of the trial court.

Under a narrow and extremely technical interpretation of the allegations in the complaint the finding that they were true is sought to be sustained by the suggestion that at the very moment of the collision the defendants' automobile was on the left-hand side of the road and at that moment the motorcycle was on the right-hand side. [1] It is not true, however, that the respective machines were at that moment proceeding either westerly or easterly along that side of the road. The driver of each machine was trying to avoid collision with the other, and each machine at the moment of the accident was proceeding diagonally across and not along the road. There was no conflict in regard to this important matter, and the finding that the allegations of the complaint to the effect that at the time of the accident the plaintiff was proceeding westerly along his right-hand side of the road and the defendants were proceeding easterly along their left-hand side of the road is not sustained by the evidence.

It is argued that at the moment of the collision the defendants were on their left-hand side of the road. This cannot be controverted, but it does not follow as a matter of law that the defendants were negligent in being where they were at that time. [2] It is not sufficient in a suit of this nature for the plaintiff to show that an accident occurred and that he was injured, but he must also show that the accident occurred by reason of the negligence of the defendants, or, in this case, of the wife, who was driving the machine.

(*Cary* v. *Los Angeles Ry. Co.*, 157 Cal. 599, 604, [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682]; *Marsiglia* v. *Dozier*, 161 Cal. 403, 405, [119 Pac. 505].) [3] The allegations of the complaint that defendants were traveling along their left-hand side of the highway do not make a case of negligence *per se* because there are certain circumstances under which the law permits one to use that portion of the highway. [4] It is the duty of the driver of a vehicle who is suddenly confronted with danger, though arising from the fault of another, to seek to avoid a collision. (*Skene* v. *Graham*, 114 Me. 229, [95 Atl. 950]; *Hartley* v. *Lasater*, 96 Wash. 407, [165 Pac. 106].) Whether he has taken the proper course depends upon all the circumstances of the case. (*Hartley* v. *Lasater, supra; Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, 521, [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15]; *County of Alameda* v. *Tieslau*, 44 Cal. App. 332, [186 Pac. 398].) [5] Accordingly, when the question of negligence is one of fact and not one of law, the defendant is entitled to a finding on the facts put in issue in order that the court may on appeal determine whether the trial court drew the proper conclusions of law from the facts so found. [6] Here the circumstances under which the collision occurred were definitely put in issue by the answer and were proved substantially without conflict at the trial. The finding that *all* the allegations of the answer were untrue was not sustained by the evidence.

If the court had found in accordance with the evidence it would then have been called upon to determine who had the last clear chance of avoiding the collision and also whether the proximate cause of the collision was the negligence of defendants or the negligence of Reed. [7] For it is true that, though the negligence of the driver of the motorcycle may not be imputed to respondent under a plea of contributory negligence, nevertheless, if the proximate cause of the collision was the negligence of the driver of the motorcycle upon which respondent was riding, he cannot recover. These questions, however, cannot be determined here because the findings which were made negative the essential facts upon which these legal questions must be based.

For these reasons the judgment is reversed.

Brittain, J., and Langdon, P. J., concurred.