[Civ. No. 7841. First Appellate District, Division Two.—May 11, 1931.]

LOUESA ZOHNER, as Administratrix, etc., Respondent, v. SIERRA NEVADA LIFE AND CASUALTY COMPANY (a Corporation), Appellant.

Joseph Rafael for Appellant.

Anthony S. Devoto and Devoto & Richardson for Respondent.

SPENCE, J.—Plaintiff, as administratrix of the estate of the deceased, brought this action upon an accident policy. Judgment upon the verdict was entered in favor of plaintiff upon a trial by jury, from which judgment defendant appeals.

The policy, among other things, insured against death from bodily injuries effected through external, violent and accidental means "By the wrecking of any private passenger motor-driven car (motorcycle not included), in which the insured is riding or driving, or by being accidentally thrown from such wrecked motor-driven car." The complaint set forth all necessary allegations, including the allegations "That on or about the 5th day of October, 1927, at San Francisco, State of California, while said policy was in full force, the insured received personal injuries through external, violent and accidental means, to-wit, by the wrecking of a private passenger motor driven car in which the insured was riding and/or driving"; and "That by reason of said injuries, and as a direct result thereof, the said insured died on or about the 17th day of October, 1927." The amended answer contained no denials except a denial based upon lack of information or belief that the alleged injuries were received by the wrecking of a private passenger motor-driven car in which the insured was riding or driving. In addition it was alleged in the amended answer that the policy excluded injuries, fatal or nonfatal, sustained while violating law, and it was further alleged that the injuries were sustained while the insured was violating the law.

Upon the trial apparently neither side was able to produce any eye-witness to the accident. A witness residing near the scene of the accident at Cerritos and Ocean Avenues, testified that between 8 and 9 o'clock on the evening of October 5th, she heard a "large crash" while she was on the second floor of her home. Upon looking out of her window she saw that an open touring car had run into a stone pillar at the southwest corner of the intersection and also saw another car proceeding easterly on Ocean Avenue. She observed the front end of the first car near the pillar, the rear end on the street and a man (the deceased) stretched out on the sidewalk about 10 or 12 feet from the car. Some 5 minutes later, after telephoning the police, she went to the scene. Two other people raised the deceased to the running-board of the car and went on leaving the deceased with the witness. The deceased seemed dazed and did not reply when spoken to. The witness held him on the running-board to prevent him from falling until the

officer arrived. He regained consciousness some minutes later. The deceased was then able to stand up and to speak, but he was taken to the station as the officer did not think he looked just right. Later the deceased was released and returned home. On October 17th, he died and it was stipulated that "he died of a basal fracture of the skull and subdorsal injuries and spinal injuries". The testimony further showed that there were skid marks running in a southwesterly direction up to the pillar. This was a large stone pillar and it was moved a few inches westerly in the crash. The automobile was towed to a garage after the accident.

On this appeal appellant contends: First, that the evidence was insufficient to show that the injuries were incurred by the "wrecking" of the automobile; second, that there was no evidence of any injuries having been received by the insured in the accident; third, that the court erred in the admission of certain declarations of the assured after the accident, and fourth, that the court erred in the instructions to the jury.

In our opinion the first and second contentions of appellant are without merit. They do not appear to have been urged upon the trial by motion for nonsuit or by requested instructions or otherwise. From the transcript it appears that the sole defense relied upon on the trial was that the injuries were sustained while deceased was violating the law. In his opening statement to the jury, counsel for appellant stated in his first sentence: "The defense in this action is based upon the fact that the insured was violating the law" and later he stated "Any defense set up by us is that the deceased was violating law." The balance of the opening statement covered the terms of the policy relating to this defense and the allegations of the answer specifying the particulars in which it was claimed that the law was violated. In any event we deem the evidence sufficient to show that the injuries were incurred by the "wrecking" of the automobile. To constitute a "wrecking" within the meaning of the policy, it is not necessary that the car be totally destroyed or rendered entirely incapable of use. In *Aurnhammer* v. *Brotherhood Acc. Co.,* 250 Mass. 563 [146 N. E. 47], cited by appellant, it is said:

"In ordinary speech an article is said to have been wrecked when it is disabled or seriously damaged, although it may not be totally destroyed or rendered incapable of use. A common use of the verb 'to wreck' is to destroy, disable, or seriously damage. The evidence agreed to shows that the car was disabled, and in part, at least, was seriously damaged. . . . In our opinion the evidence shows that the front part of the car at least was wrecked, that there was a wrecking of the car; and that the plaintiff's injuries resulted 'directly to or in consequence of the wrecking of said car' within the terms of the policy." It is true that in the present case there was no testimony of any eyewitness to the accident and there was no direct evidence to show the condition of the automobile after the accident; but we believe that the uncontradicted evidence introduced showing the position of the car and of the deceased immediately after the accident, the skid marks, the noise made by the crash, the displacing of the large stone pillar and the towing of the car from the scene of the accident, all leads to but one rational conclusion, to wit, that the injuries were incurred by the "wrecking" of the car.

 With regard to appellant's second contention, the evidence showed without conflict that the deceased was unconscious for something in excess of 5 minutes after the accident. This was sufficient to show that deceased had been injured. Although there was no medical testimony showing the connection between the injuries and the death, this was unnecessary under the pleadings. By virtue of the absence of a denial, the allegation of the complaint to the effect "that by reason of said injuries and as direct result thereof, the insured died on or about the 17th day of October, 1927", was admitted.

 This brings us to a consideration of the third contention made by appellant. It is claimed that the trial court erred in admitting a certain declaration of the deceased made after regaining consciousness to the effect that he turned out to avoid striking another car. This testimony was inadmissible (*Williams* v. *Southern Pac. Co.*, 133 Cal. 550 [65 Pac. 1100]; *Heckle* v. *Southern Pac. Co.*, 123 Cal. 441 [56 Pac. 56]; *Lissak* v. *Crocker Estate Co.*, 119 Cal. 442 [51 Pac. 688]; but we are still confronted with the

question of whether the error in admitting this declaration requires a reversal. We have examined the entire record in an effort to determine this question. Appellant points out that the evidence showed that the car was against a pillar on the sidewalk on the left side of the street and argues that "this fact standing alone necessarily showed that the insured was driving on the left side of the street, that he was driving on the sidewalk and that he was driving in a careless, reckless and negligent manner". █ It is well settled that negligence or recklessness may not be inferred merely from the happening of the accident without some evidence of the manner in which the accident occurred; and the mere fact that a car is driven upon the left side of the highway or across a sidewalk does not under all circumstances constitute a violation of law. (California Vehicle Act, sec. 122; *Hagenah* v. *Bidwell,* 46 Cal. App. 556 [189 Pac. 799] ; *Leiner* v. *Eng-Skell Co.,* 104 Cal. App. 228 [285 Pac. 905].) █ On this issue of alleged violation of law as made by the pleadings, respondent was aided by the presumption of innocence and use of ordinary care on the part of deceased (sec. 1963, subds. 1 and 4, Code Civ. Proc.), and appellant failed to produce any testimony to throw light upon the cause of the accident or the manner of its happening. It is fundamental that the burden was upon appellant to show that the circumstances brought the case within the exception of the policy and this burden appellant failed to meet. We therefore conclude that the error in the admission of the declaration of the deceased was not prejudicial.

█ Appellant's further contention relating to alleged error in the instructions is also without merit. On the trial appellant conceded that its defense rested solely upon the theory that the deceased had violated the law. The trial court submitted the case to the jury upon this theory and fully instructed the jury on the subject. The attack upon the instructions has nothing to do with this defense. It is based upon the fact that the court did not instruct the jury that respondent was required to prove that the death was caused by the "wrecking" of the automobile. Under the circumstances it is a sufficient answer to point out that it does not appear that appellant requested any

such instruction, but in any event the error, if any, cannot be considered as prejudicial for the reasons above stated.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.