[Civ. No. 7548. First Appellate District, Division One.—June 26, 1931.]

FRED CORVELLO, Respondent, v. S. V. BAUMSTEIGER, Appellant.

196

Ford & Johnson for Appellant.

Maurice J. Bleuel and Benoni H. McClure for Respondent.

THE COURT.—The above action was for the recovery of damages for personal injuries alleged to have been caused by defendant's negligence.

The Market Street Railway Company maintains a double-track cable railway along Castro Street in San Francisco. On September 14, 1929, it was operating a street-car in a northerly direction thereon, and plaintiff was a passenger in the car. At a point between Elizabeth and Twenty-third Streets, which intersect Castro Street, a collision occurred between the car and an automobile truck, operated by defendant S. V. Baumsteiger, and as a result plaintiff was injured. A jury returned a verdict against said defendant in the sum of $10,000, and from the judgment entered thereon he has appealed.

It is contended that the verdict is unsupported by the evidence, that the trial court erred in giving certain instructions, and that the verdict is excessive.

The cable car, which was about 30 feet in length, was open in the front and rear. The seats in the open portions were constructed lengthwise of the car, and the plaintiff with other persons was seated on the rear outside seat facing east. The truck mentioned was a two-ton Garford truck about 19 feet in length and over 6 feet wide. The defendant was the owner of a second truck, which had become stalled on the east side of Castro Street at a point from 100 to 200 feet south of Twenty-third Street, and his purpose in going to the scene of the accident was to remove the second truck. He drove the truck first mentioned west along Twenty-third Street and crossed the railway tracks at the intersection of this street with Castro Street, where it stopped. He then looked south along Castro Street and saw about two blocks away the approaching car, on which the plaintiff was riding.

He then backed his truck across the car tracks in a south-easterly direction, his intention being to back the same along the east side of Castro Street to the point where the second truck was standing. When he had crossed the railway tracks a second time he looked to the south and again saw the approaching car, which was then south of but near Elizabeth Street. The distance between the northerly curb line of the latter street and the southerly curb line of Twenty-third Street, according to the evidence, was about 258 feet. Defendant then proceeded to back the truck south along the east side of Castro Street, and at a point about 35 feet south of Twenty-third Street the rear left end of the truck came in collision with the portion of the car on which the plaintiff was seated. According to the evidence the stanchions, seat and the rear of the car were broken by the impact. The car continued its course for about 35 feet, and the rear wheels of the truck when the same stopped rested upon the railway track. According to several witnesses—and the condition of the car supports their testimony—the front and closed portions of the car had passed the truck before the collision; and it was also testified by the plaintiff, another passenger and the conductor of the car that the truck was suddenly backed against the car. An automobile was parked about 50 feet south of Twenty-third Street, the owner of which, seeing the danger, sought to warn the defendant by sounding his horn. Another witness testified that the car bell was sounded as the car left Elizabeth Street and again about 40 feet south of the point of collision. Defendant admits that he heard the horn and also a sound resembling that made by the bell of a street-car. He claims, however, that he stopped immediately, but too late to avoid the accident; but, according to the owner of the automobile, defendant when the horn sounded turned the rear of the truck toward the railway track, and in so doing struck the passing car. No reason appears why defendant, instead of attempting to operate his truck on the east side of Castro Street, did not after first crossing the intersection proceed south to Elizabeth Street and thence north on his right-hand side of Castro Street, which course would have been in accordance with the provisions of the statute (Cal. Vehicle Act. Stats. 1929, p. 540). There was testimony that the car stopped when the collision occurred and then started for-

ward, and that this movement was the cause of the damage. There was, however, other evidence sufficient to sustain a contrary finding.

■ While the record discloses some evidence tending to sustain defendant's contention that the railway company was negligent, the evidence strongly supports the conclusion that defendant's negligent operation of the truck was at least a proximate cause of the injuries received by the plaintiff. There was a substantial conflict in the evidence in this respect, and different inferences might reasonably be drawn from the circumstances of the accident. Where such is the case the conclusions of the jury cannot be disturbed (2 Cal. Jur., Appeal and Error, secs. 543, 549).

The instructions of which defendant complains are as follows:

"If you believe from the evidence that the negligence of the defendant Baumsteiger was one of the causes which proximately contributed to the accident then I instruct you that you must find for the plaintiff."

"In backing the truck in question on 23rd street and down Castro street in a southerly direction, if you find that the truck was so backed, its driver, the defendant, Mr. Baumsteiger, was in law bound to operate his truck in a careful and prudent manner. In so backing, if you find he did, under the law he had to use his senses of sight and hearing. He had to keep a proper look-out for approaching street cars and to keep his truck under such control as would enable him to avoid a collision with a street car, if by the exercise of ordinary care on his part such collision could have been avoided, and if you find from the evidence he failed so to do, and that his failure to do so was the proximate cause of the accident, then the plaintiff is entitled to a verdict against defendant."

It is contended that in the first instruction there was no attempt to define negligence, and that the jury might therefore have concluded that the defendant was negligent as a matter of law.

■ It is the rule that where an instruction concludes with the formula that if the jury find the proposition therein recited to have been established, their verdict should be for a particular party, the instruction should in itself show all the circumstances which must concur to warrant such a ver-

dict (*Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 176 [118 Pac. 700]; *Fidelity etc. Co.* v. *Paraffine Paint Co.*, 188 Cal. 184 [204 Pac. 1076]); but it is not necessary that the instruction contain a definition of each legal term used therein. It is sufficient if the jury be instructed elsewhere as to the meaning of such terms. ■ In the case at bar negligence was fully and correctly defined in other instructions given by the court, and they were also told "not to select a single instruction or portion of an instruction but to consider all of the instructions in determining any issue in the case".

■ It is objected that the second instruction was defective in that it omitted all reference to any conduct on the part of the employees of the railway company which would make the latter solely liable to the plaintiff, and erroneously stated that the operators of vehicles upon public streets must under all circumstances conduct themselves so as to avoid collisions. Such, we think, was not the meaning of the instruction, as the jury was told in effect that it was the duty of the driver to keep his truck under such control as to enable him to avoid a collision "if by the exercise of ordinary care on his part such collision could have been avoided". This was a correct statement of the law (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; *Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045]).

■ The remaining portion of the instruction, viz., "If you find that he failed to do so, and that his failure to do so was the proximate cause of the accident, then the plaintiff is entitled to a verdict against the defendant," did not have the effect claimed by defendant. This instruction did not exclude from consideration the negligence, if any, of the railway company; but properly told the jury that a finding that defendant's negligence was the proximate cause of plaintiff's injury would justify a verdict in favor of the latter. To render a person liable he need not be the sole cause of an injury, as it is sufficient that his negligence, concurring with one or more efficient causes other than the plaintiff's fault, is the proximate cause thereof (45 Cor. Jur., Negligence, sec. 485, p. 920). Under such circumstances each is and both are the proximate cause of the injury (*Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]).

■ The testimony shows that plaintiff received comminuted fractures of both bones of the lower leg, the bones protruding through the flesh, which was badly lacerated; and that his injuries were very painful. According to a physician, the usual course of treatment was followed, but the bones are not in correct alignment and he is still under treatment. The injured leg is shorter than the other, and this condition will probably be permanent. To straighten the bones another operation will be necessary in the future, and as a result the plaintiff will be confined for about ten weeks. Plaintiff incurred liabilities for hospital expense in the sum of $328.75, and physician's services in the further sum of $1,000. In addition the physician testified that a second operation will cost $500, and that the charges named are reasonable.

■ The verdict of a jury for damages cannot be set aside unless so plainly excessive as to warrant the conclusion that it was the result of passion or prejudice (*Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311 [156 Pac. 449]; *Anstead* v. *Pacific Gas & Elec. Co.*, 203 Cal. 634 [265 Pac. 487]).

■ There is no absolute rule by which to determine whether it is excessive (*Morgan* v. *Southern Pac. Co.*, 95 Cal. 501 [30 Pac. 601]), and it cannot be so held as a matter of law simply because the amount may be larger than is ordinarily allowed in such cases (*James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082]). As the court said in *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 254 [116 Pac. 513, 520], "the only means of discovering the existence of passion or prejudice as influencing the verdict is by comparing the amount with the evidence before the trial court. ·To say that a verdict has been influenced by passion or prejudice is but another way of saying that the verdict exceeds any amount justified by the evidence. The question in the first instance is for the trial court . . . and in considering an attack upon a verdict as excessive the reviewing court must treat any conflict in the evidence as resolved in favor of the respondent, and give him the benefit of every inference that can reasonably be drawn in support of his claim."

In *Reneau* v. *Hirsch*, 88 Cal. App. 1 [262 Pac. 1100, 1102], while the plaintiff's leg was almost entirely severed in the accident the same was by treatment restored to approximately eighty per cent of its normal condition, and a verdict for

$18,000 for physical injuries, in addition to an award for medical and hospital expenses and for loss of time, was upheld. The court said: "The award of damages made by the jury and sustained by the trial court is large but when the accident and character of the injuries received by respondent, and the intense pain and suffering that he endured for so long are all considered we think the award is not at all disproportionate to the compensation reasonably warranted by the facts." (See, also, *Harju* v. *Market Street R. Co. et al.*, 114 Cal. App. 138 [299 Pac. 788].)

We are of the opinion that the evidence in the present case reasonably justified the award made by the jury, and that the contention that it was the result of passion or prejudice cannot be sustained.

The verdict on the other issues is also fully supported, and the record discloses no error which warrants the conclusion that the same resulted in a miscarriage of justice.

The judgment is affirmed.