[Civ. No. 8080. First Appellate District, Division Two.—February 24, 1932.]

ROBERT RALPH ANDERSON, a Minor, etc., Appellant, v. ANDREW DAHL, Respondent.

Kilpatrick & Goodman and Randall O'Neill for Appellant.

Maurice J. Rankin for Respondent.

SPENCE, J.—This is an appeal by plaintiff from the order of the trial court granting defendant's motion for a new trial upon the ground of insufficiency of the evidence to sustain the verdict.

The action was one for damages for personal injuries arising out of a collision between a motorcycle upon which plaintiff was riding as the guest of the driver and an automobile driven by defendant. The accident occurred at the intersection of San Jose Avenue and Loma Alta Avenue. These streets intersect approximately at right angles, said Loma Alta Avenue running in a general northerly direction and terminating at San Jose Avenue. At the west side of the intersection San Jose Avenue divides, forming a narrow Y, the southerly branch of which is a continuation of said San Jose Avenue and the northerly branch of which is known as Main Street. Plaintiff and his companion on the motorcycle proceeded at a high rate of speed in an easterly direction on Main Street and passed on the right-hand side of two other automobiles going in the same direction at about the time these automobiles entered the

intersection. These other vehicles slowed down to permit defendant, who was approaching from the opposite direction on San Jose Avenue at a low rate of speed, to turn south into Loma Alta Avenue, but the motorcycle continued on its course. In an effort to avoid the collision defendant turned his automobile sharply to the left and the motorcycle swerved to the right. A collision occurred upon or near the curb on the southeast corner of the intersection. The evidence was conflicting in several respects and particularly with respect to the courses which the vehicles traveled. The testimony offered by plaintiff indicated that defendant had "cut the corner", but defendant's testimony corroborated by other witnesses showed that he was making the turn in the proper manner. At the time of the impact defendant's car was barely moving. We deem it unnecessary to go into further detail concerning the evidence. The most that may be said is that there was a conflict in the evidence and while there was evidence in the record favorable to plaintiff, there was abundant evidence to show that defendant was free from negligence and that the accident was caused solely by the negligence of the driver of the motorcycle in entering the intersection at a high rate of speed after passing on the wrong side of the other vehicles referred to above. It is not within the province of this court to pass upon the weight of the evidence offered by the respective parties, and we do not wish to be understood as expressing any opinion thereon from anything that may be said herein. The sole question presented on this appeal is whether the trial court acted within its province in granting defendant's motion for a new trial under the circumstances.

Appellant's main argument in support of his contention that the trial court erred in granting the motion is based upon a misconception of the function of the trial court in passing upon such motion. The argument proceeds upon the theory that because of the conflict the trial court could not weigh the evidence and exercise its discretion. This is not the rule in this state. The trial court is not bound by the rule as to conflicting evidence as is an appellate court, but it is its duty to weigh and consider the evidence of both parties and exercise its discretion in passing upon a motion for new trial. Great latitude is given

to the trial court and its action in granting the motion is conclusive upon an appellate court unless it clearly appears that it has abused its discretion. As was said in *Newman* v. *Overland Pacific Co.*, 132 Cal. 73, at page 74 [64 Pac. 110]: "Its action in granting a new trial upon this ground (insufficiency of the evidence) is so far a matter within its discretion that, if there is any appreciable conflict in the evidence, it is not open to review in this court." The general principles governing the trial court in acting upon a motion for new trial are so well settled that we cite but a few of the more recent decisions. (*Buck* v. *Borchers,* 203 Cal. 210 [263 Pac. 226]; *Rosenberg* v. *Moore & Co.*, 194 Cal. 392 [229 Pac. 34]; *Scott* v. *Southern Pac. Co.*, 100 Cal. App. 634 [280 Pac. 996]; *Springer* v. *Pacific Fruit Exchange,* 92 Cal. App. 732 [268 Pac. 951]. See, also, 20 Cal. Jur. 106–122.)

In the present case there was substantial conflict in the evidence and it cannot be said that the trial court abused its discretion in granting the motion for new trial. Appellant states, however, that there is no authority for granting such motion where the defendant admittedly was on the "wrong side" of the highway at the time of the collision and was therefore negligent as a matter of law. But it does not necessarily follow that the driver of the automobile was chargeable with negligence as a matter of law merely because he was on the "wrong side" of the highway at the moment of impact. In *Hagenah* v. *Bidwell*, 46 Cal. App. 556, it was said at page 559 [189 Pac. 799, 800]: "It is argued that at the moment of the collision the defendants were on their left-hand side of the road. This cannot be controverted, but it does not follow as a matter of law that the defendants were negligent in being where they were at that time. . . . There are certain circumstances under which the law permits one to use that portion of the highway. It is the duty of the driver of a vehicle who is suddenly confronted with danger, though arising from the fault of another, to seek to avoid a collision. . . . Whether he has taken the proper course depends upon all the circumstances of the case." See, also, *Zohner* v. *Sierra Nevada Life & Casualty Co.*, 114 Cal. App. 85 [299 Pac. 749]. Here respondent's testimony showed that he proceeded along the right side of San Jose Avenue, gave the proper signal and

was making his turn in the proper manner, when suddenly confronted with danger through no fault of his own. Upon the evidence the trial court could properly conclude that he exercised due care in this sudden emergency arising through the fault of the driver of the motorcycle and he was not chargeable with negligence as a matter of law merely because he drove upon the left side of the highway in his effort to avoid a collision.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.