[Civ. No. 1159. Fourth Appellate District.—July 22, 1935.]

HARRY S. LOWE et al., Respondents, v. THE CITY OF SAN DIEGO (a Municipal Corporation), Appellant.

C. L. Byers, City Attorney, Gillmore Tillman, Assistant City Attorney, and James J. Breckenridge, Deputy City Attorney, for Appellant.

F. L. Richardson and Edgar B. Hervey for Respondents.

HARDEN, J., *pro tem.*—Plaintiffs are husband and wife. On July 9, 1933, plaintiff Ruth A. Lowe was driving a model T Ford automobile in a westerly direction on Logan Avenue between Thirty-eighth and Thirty-seventh Streets in the city of San Diego. Logan Avenue is not paved at the place in question. An opening had been made in the street by defendant at a point about 14 feet north of the south curb line of Logan Avenue in front of 3761 Logan Avenue, to make repairs to a water service pipe. Thereafter dry dirt was placed in the excavation and damp dirt placed on top to a height of about five inches above the street level. Thus a pile of dirt was created. Said plaintiff had with her two other passengers in the automobile. All three persons testified that upon nearing the point of the accident they found the street occupied by children at play; that the driver turned to the left side of the road to avoid the children and thereby caused her automobile to run over the pile of dirt, by reason whereof it turned over on its left side. Her left arm was caught under-

neath the machine, was badly crushed, and as a result was amputated at a later date. She sued for damages amounting to $30,000, under section 2, Statutes of 1923, page 675. Plaintiff Harry S. Lowe sued for consequential damages amounting to $5,100. Upon a jury trial, a verdict was returned in favor of plaintiff Harry S. Lowe for the sum of $100 and in favor of plaintiff Ruth A. Lowe for $20,000. Upon proceedings on motion for a new trial, as a condition to a denial of the motion the court required plaintiffs to remit $6,000 of the judgment in favor of Ruth A. Lowe. The defendant has appealed from the judgment entered upon the verdict.

Appellant asserts that the proof does not sustain the implied finding of the jury that within 90 days after the accident said Ruth A. Lowe caused to be presented to the city auditor a claim of her demand against the city by reason of injuries sustained. (Sec. 110, San Diego Charter; sec. 1, Act 5149, Deering's Gen. Laws, 1931, vol. 2, p. 2562.) A witness testified that on August 15, 1933, she presented and left at the office of the city auditor the claim in question; that it was allowed to remain there for a period of about three hours; that she then took it away and thereupon filed it with the city clerk. The city auditor and deputies testified that they had no recollection of the presentation of said claim. There is no contention that the claim was not in proper form. Upon instructions which appear to have been entirely proper and to which no exception is taken, as to what would amount to a presentation of the claim, the jury decided the issue for plaintiffs. The evidence, if credible, was sufficient to establish a presentation of the claim.

It is contended by appellant that plaintiffs have not shown any sufficient reason for the driving of the automobile on the left-hand side of the street. No other vehicle was at or near the scene of the accident. As already stated, three witnesses testified that the street was occupied by the children at play. It is true that other witnesses said they saw no children in the street. This situation likewise raised a conflict in the evidence which was for the decision of the jury. The avoidance of the children at play in the street could afford a sufficient reason for turning to and driving upon the left side of the street. (*Hagenah* v. *Bidwell*, 46 Cal. App. 556 [189 Pac. 799]; *Lawrence* v. *Goodwill*, 44 Cal. App. 440, 448, 449 [186 Pac. 781]; *Saylor* v. *Taylor*, 42 Cal. App. 474 [183 Pac.

843]; *Straten* v. *Spencer,* 52 Cal. App. 98 [197 Pac. 540]; annotation in 24 A. L. R. 1304.)

The repairs were made and the dirt piled up by a foreman of the city water department on June 13, 1933, almost a month before the accident. The subject of the knowledge of or notice to the city of the dangerous condition was clearly and fully covered by the court's instructions. No exception hereto is taken. The evidence was sufficient on this point to support the verdict.

█ Complaint is made of the refusal of the court to give a requested instruction on the subject of contributory negligence. By virtue of an allegation in the complaint that at the time in question the plaintiff Ruth A. Lowe was driving the automobile "in a careful and lawful manner" (which allegation was denied by the answer) an effort is made by the appellant to cast upon plaintiffs the burden of disproving contributory negligence. If given, the requested instruction would have had that effect. Unless it can be shown or inferred from evidence given in support of plaintiffs' case, the burden of proving contributory negligence is on the defendant. (*James* v. *Frazee,* 209 Cal. 456 [288 Pac. 784]; *Marr* v. *Whistler,* 49 Cal. App. 364 [193 Pac. 600].) The allegation as to the manner in which said plaintiff was driving her automobile was immaterial (*Durgin* v. *Neal,* 82 Cal. 595 [23 Pac. 133]), and did not change the burden of proof. █ The defendant interposed a plea of contributory negligence in its answer. This plea was defective in stating a conclusion rather than the facts by reason of which it was claimed that the driver was guilty of contributory negligence. (*Crabbe* v. *Mammoth Channel G. Min. Co.,* 168 Cal. 500 [143 Pac. 714]; *Hughes* v. *Warman S. C. Co.,* 174 Cal. 556 [163 Pac. 885].) However, that fact is not important since the issue was decided against the pleader. The instructions given on the issue of contributory negligence were correct.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1935.