[Civ. No. 13430. Second Dist., Div. Three. May 26, 1942.]

ORA FINNEY, Respondent, v. FRANCES L. WIERMAN et al., Appellants.

FRANK WIERMAN et al., Appellants, v. ORA J. FINNEY, Respondent.

Joseph A. Ball for Appellants.

Fred N. Howser, Richard E. Ryan and Wahlfred Jacobson for Respondent.

SCHAUER, P. J.—On February 16, 1939, between 6 and 6:30 p. m. (after sundown), Ora Finney was the operator and sole occupant of an automobile traveling south on San Antonio Boulevard near the town of Norwalk. At approximately the same time and place, in the opposite direction, Frances L. Wierman was driving a car owned by herself and her husband Clyde G. Wierman, in which car their infant daughter and the parents of Clyde were passengers. These two consolidated actions are the outgrowth of a head-on collision between the two automobiles.

The jury returned verdicts denying Ora Finney any recovery on her complaint and awarding damages against her in favor of each of the passengers in the Wierman car but denying recovery to the driver, Frances Wierman, and to her husband Clyde. As between Ora Finney on one side and Frances and Clyde Wierman on the other, the verdict

which was returned and filed reads in material part as follows: "We the jury in the above entitled action, find for the defendants, Frances L. Wierman and Clyde G. Wierman, against the plaintiff, Ora J. Finney, and in favor of the cross-defendant, Ora J. Finney, against the cross-complainants, Frances L. Wierman and Clyde G. Wierman. Contributory Negligence. No recovery."

From the order in each case granting the motion of the party Finney for a new trial, these appeals are taken. On behalf of the appellants (Wiermans) it is asserted that upon the record before us the only ground which can be considered as a basis for the orders is that of errors in law occurring at the trial to the prejudice of the respondent Finney. This assertion is not disputed by respondent and consequently we make no further inquiry concerning it. From that basis appellants contend that no substantial or prejudicial error in law occurred at the trial and that consequently the court erred in each case in granting a new trial. The orders appealed from must be affirmed.

San Antonio Boulevard, in the locale concerned, was a white-lined three-lane highway, traffic over which was governed by section 526 of the Vehicle Code, which requires that: "(a) A vehicle shall be driven as nearly as practical [practicable] entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

"(b) . . . a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway ahead is clearly visible and such center lane is clear of traffic within a safe distance . . ."

 The trial court at the request of defendants instructed the jury (defendants' No. 10-A) in the exact language of the statute, including that above quoted, and added thereto the express admonition that "If you believe from a preponderance of the evidence that Ora Finney violated the provisions of this section, she was guilty of negligence as a matter of law." If we assume that the word *"violated"* as used in such instruction informed the jury that they must find not only that respondent Finney did an act prohibited by the statute but did it without legal justification, then we may say that such instruction correctly stated an abstract proposition of law. But aside from the uncertainty of the sufficiency of implications in the word "violated," the giving of an instruction containing an entirely correct statement of substantive

law may under some circumstances be prejudicially erroneous. Respondent contends that it was here; or at least that the implied finding of the trial court that under all the circumstances of the case the giving of such instruction was error and prejudicial to the litigant Finney, was reasonably supported and hence that its action in granting a new trial was not an abuse of discretion. Such position is well taken.

According to the testimony of respondent Finney she was operating her car lawfully in a southerly direction within her right-hand (the westerly) lane of the highway and continued so to do until she was placed in imminent peril of immediate disaster by the near and rapid approach of the unlighted Wierman car, coming from the south in a general northerly direction but heading diagonally across the highway toward the *westerly* (Finney's) lane and directly toward respondent Finney's car. At this point respondent Finney, in a last effort to avoid the collision, altered her course to her left (easterly) and entered the center lane; at the same time, she says, appellant Frances Wierman veered to the east (appellant's right) and the collision occurred with the cars partly in the center lane and partly in the easterly lane.

If the jury believed the testimony of the respondent Finney to the effect above epitomized, and if they had been properly instructed, they could have concluded that respondent Finney was not negligent in departing from the westerly and entering the center or even the easterly lane of the highway. But, as has been noted, they had been instructed in language importing without qualification that if respondent Finney entered the center lane ''except when overtaking and passing another vehicle where the roadway ahead is clearly visible and such center lane is clear of traffic within a safe distance . . . she was guilty of negligence as a matter of law.'' The fact that such instruction was appropriate to appellants' theory of the case does not justify its being given in unqualified and all-inclusive form.

Appellants also contend that any vice which otherwise might be found in the quoted instruction was obviated by the giving of a general instruction on the quality of judgment required to be exercised by one who, without negligence on his part, is suddenly confronted with unexpected and imminent danger. Appellants assert that the jury should have understood that the sudden peril doctrine was to be applied to respondent Finney's conduct if they found that in her

own lane, without fault on her part, she was suddenly confronted by the peril of the approaching Wierman car, and that the unqualified instruction as to its being negligence as a matter of law to enter the center lane except as stated in the statute, was to be applied only if they found that respondent left the westerly (her right hand) lane otherwise than in the exercise of ordinary care. From the standpoint of the jury no such construction of the instructions, viewed together or singly, is reasonable; i. e., while counsel, learned in the law, might be able to so interpret and explain such instructions, it is not reasonable to expect that jurors, for whose enlightenment the instructions are. given, should be able to so interpret them.

Another instruction which either should not have been given at all or should have been qualified appropriately as to its applicability was defendants' No. 9-A. It quoted the provisions of section 525 of the Vehicle Code declaring the duty of a driver to operate his vehicle "upon the right half of, and as close as practicable to the right-hand curb or edge" of the roadway, and ended with the positive injunction, "If you believe from a preponderance of the evidence that either driver violated the provisions of this section, she was guilty of negligence as a matter of law." This instruction, like defendants' No. 10-A as shown above, absolutely required the jury to find respondent Finney guilty of negligence if they believed her testimony that she operated her car across the center of the highway to her left, no matter what were the circumstances impelling her to such action. To the contrary the jurors should have been instructed in legal effect, in accord with the principle enunciated in *Straten* v. *Spencer*, (1921) 52 Cal. App. 98, 108 [197 Pac. 540], that if they believed the facts to exist as testified to by respondent Finney and epitomized above, they must conclude that she was *not* guilty of negligence in entering the center or the easterly traffic lanes. The operator of a car obviously is not guilty of negligence as a matter of law merely because he drives the car into another lane or onto the left side of the highway (*Hagenah* v. *Bidwell*, (1920) 46 Cal. App. 556, 560 [189 Pac. 799] ; *Anderson* v. *Dahl*, (1932) 121 Cal. App. 198, 202 [8 P. (2d) 883] ; *Lowe* v. *City of San Diego*, (1935) 8 Cal. App. (2d) 440, 442 [47 P. (2d) 1083] ).

The fact that plaintiff's (Finney's) proposed instruction No. 3 was the only one offered by her which was directly pertinent to and qualificative of defendants' Nos. 9-A and

10-A (the two above discussed) and that it was properly refused because it erroneously included a statement on the sudden peril doctrine without the limitation that the peril must be encountered without negligence on the part of the plaintiff (Finney), does not excuse the error in the giving of defendants' unqualified instructions as above depicted.

It is to be remembered that in all of the preceding discussion we have advanced upon the theory that every intendment is in favor of supporting the order of the trial court. We find in the record before us no error in granting the motion for a new trial as made in each case and obviously therefore appellants have failed to show that manifest and unmistakable abuse of discretion which would be essential to justify reversal of the orders (*Fennessey* v. *Pacific Gas & Elec. Co.*, (1938) 10 Cal. (2d) 538, 544 [76 P. (2d) 104]; *Simmons* v. *Lamb*, (1939) 35 Cal. App. (2d) 109, 113 [94 P. (2d) 814]). The trial court is to be commended for recognizing and promptly rectifying, as it did, the error into which it had been led by the instructions proposed to it.

The order appealed from in each case is affirmed.

Shinn, J., and Wood (Parker), J., concurred.