[Civ. No. 2842. Fourth Dist. June 9, 1943.]

EDITH K. FIETZ, a Minor, etc. et al., Appellants, v. ALBERT M. HUBBARD, Respondent.

J. K. Stickney, Jr., Harry W. Moss and Stickney & Stickney for Appellants.

Monroe & McInnis for Respondent.

MARKS, J.—This is an appeal from a judgment in favor of defendant in an action to recover damages resulting from a collision between an automobile driven by defendant, and a bicycle ridden by Edith K. Fietz, a minor of the age of eighteen years. H. E. Fietz, father of the minor, sought to recover the bills incurred by him in treating the injuries suffered by his daughter.

The accident happened in the intersection of Fairmount Avenue and El Cajon Boulevard in the city of San Diego, at about five o'clock in the afternoon of October 5, 1940. The day was clear and the roadway was dry.

Plaintiffs maintain that the evidence shows defendant was guilty of negligence as a matter of law that was the proximate cause of the collision; that Miss Fietz cannot be charged with contributory negligence because she had no recollection of the accident and therefore was entitled to the presumption of having taken due care for her safety; that certain instructions given to the jury were prejudicially erroneous. Consideration of these contentions will require a detailed summary of the evidence.

West of Fairmount Avenue, El Cajon Boulevard, an east and west street, is a divided highway. The north roadway is thirty-six feet and ten inches between curbs, and the south roadway is thirty-two feet six inches between curbs. Both roadways are paved. East of Fairmount Avenue the single roadway is sixty-nine feet six inches between curbs. Fairmount intersects El Cajon at right angles and is a paved street forty feet wide between curbs.

Miss Fietz and Jean Voris were friends. They were students at San Diego State College. Miss Fietz was an experienced bicycle rider and the two went for a bicycle ride on the afternoon of October 5, 1940. They were proceeding east on El Cajon Boulevard and as they approached Fairmount Miss Fietz was about ten feet, or slightly more, ahead of Miss Voris. Miss Fietz saw an automobile facing north on Fairmount. It was stopped at the south edge of the intersection. She then proceeded on her way across Fairmount. She was rendered unconscious by the collision and remembered nothing about it. Miss Voris was not called as a witness.

The only witness produced by plaintiffs, who saw the collision, was Hattie Gardiner. She was walking east on the sidewalk on the south side of El Cajon Boulevard. When she was about three feet west of the west curb on Fairmount she heard the two girls talking and turned and saw Miss Fietz and Miss Voris riding their bicycles east on El Cajon Boulevard, just north of the south curb. She saw defendant's automobile making a left turn from El Cajon Boulevard southerly over the intersection. It was east of the center line of Fairmount Avenue. Miss Fietz passed the witness, who had

stepped into the crosswalk. Miss Voris called out a warning to Miss Fietz, saying, "Look out there." The witness also called a warning just before the collision. It is assumed that Miss Fietz did not hear these warnings as she did not stop, but crashed into the right front door of the Hubbard sedan. This witness did not see any automobiles traveling north on Fairmount Avenue and crossing the intersection immediately before the collision. She testified that there were three rows of cars traveling east on the south half of El Cajon Boulevard at that time.

The only other eye witnesses to the accident who testified at the trial were defendant and his wife. Defendant testified that he was driving his car west on the north half of El Cajon Boulevard; that he stopped at the east intersection line to let the traffic in the intersection clear as he wished to make a left turn into Fairmount; that two cars proceeding north on Fairmount stopped at the south intersection line; that these cars passed into the southwest quarter of the intersection; that he had started his left turn intending to pass to the rear of these cars and down the west half of the intersection and Fairmount Avenue; that both of these cars stopped in the intersection completely blocking its southwest quarter; that because of these standing cars blocking his way to the west half of Fairmount he had to make his turn to the east of the cars and in the southeast quarter of the intersection in order to pass back of them onto the west half of Fairmount; that his car was in low gear traveling about five miles an hour; that when he was clearing the rear of the south car which had stopped in the intersection his wife called out in alarm and he immediately stopped his car; that Miss Fietz on her bicycle emerged from behind the rear stopped car and crashed into the rear of the right front door of his car; that his car was then standing in the southeast quarter of the intersection with its left front wheel a short distance westerly from the curb at the southeast corner of the intersection. He admitted that his automobile was on the east, or "wrong" half of Fairmount.

Mrs. Hubbard corroborated the testimony of her husband in all material respects.

Plaintiffs urge that defendant was guilty of negligence as a matter of law because he failed to make his left turn "by passing immediately to the right of the center of the inter-

section before turning'' as required by subdivision *b* of section 540 of the Vehicle Code.

In this connection it is argued that the court misdirected the jury by reading to it subdivision *a* of section 525 of the Vehicle Code and led the jurors into error by concluding that instruction as follows: ''In passing upon the conduct of the parties involved in such accident you are to view their conduct in the light of the circumstances that existed immediately prior to the accident and determine what an ordinarily reasonable person would or would not have done under the same or similar circumstances. It is provided by the California Vehicle Code, among other things, that a person operate a vehicle upon the right hand side of the street and as near the right hand curb as practicable. A violation of this provision of the code just like the violation of any other statutory rule of the road, is negligence. However, the rule with reference to driving upon the right hand side of the highway is not inflexible. A party is authorized to proceed on to the left hand side of the highway if the right hand side of the highway is obstructed, provided he takes reasonable care, commensurate with the risk involved, to ascertain that his movement to the left hand side of the highway can be made in safety.''

Plaintiffs argue that the admitted fact that defendant did not make his left turn in the manner required by statute establishes his negligence; that violation of a statute is negligence *per se.* (*Haase* v. *Central Union H. S. Dist.,* 27 Cal.App.2d 319 [80 P.2d 1044]; *Anderson* v. *Pacific Tank Lines,* 52 Cal.App.2d 244 [126 P.2d 153].) This is generally true, but there are well established exceptions to this rule, where, under the special circumstances of a particular case, the violation of a statute may be excused. This exception has been recognized in many cases of which we cite the following: *Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 663 [98 P. 1063, 16 Ann.Cas. 1061]; *Raymond* v. *Hill,* 168 Cal. 473 [143 P. 743]; *Lawrence* v. *Goodwill,* 44 Cal.App. 440 [186 P. 781]; *Kofoid* v. *Beckner,* 70 Cal.App. 624 [234 P. 113]; *Zohner* v. *Sierra Nevada L. & C. Co.,* 114 Cal.App. 85 [299 P. 749]; *Parker* v. *Auschwitz,* 7 Cal.App.2d 693 [47 P.2d 341]; *Lowe* v. *City of San Diego,* 8 Cal.App.2d 440 [47 P.2d 1083]; *Henslee* v. *Fox,* 25 Cal.App.2d 286 [77 P.2d 307]; *Jolley* v. *Clemens,* 28 Cal.App.2d 55 [82 P.2d 51]; *Finney* v. *Wierman,*

52 Cal.App.2d 282 [126 P.2d 143]; *Prescott* v. *City of Orange,* 56 Cal.App.2d 144 [132 P.2d 523].

■ In the instant case, according to his testimony, defendant was entering the intersection to make his left turn and found his way blocked by two cars which suddenly stopped in the path he should have followed. Just what a reasonably prudent person should have done under the circumstances is certainly not so clear that we can say as a matter of law that defendant's subsequent conduct rendered him absolutely guilty of negligence. The circumstances suddenly confronting him may have excused his failure to follow the letter of the law. As reasonable minds might differ on the question, it was one of fact that was properly submitted to the jury.

■ Plaintiffs argue that the jury was misled by the instructions and quote the following: "It is required that all parties operating vehicles upon the highway keep a reasonable lookout for the presence of other parties and vehicles upon the highway. No party is entitled to assume that the way is clear or that there is no traffic upon any part of the highway which he is about to use. In other words, before proceeding upon the highway a person is required to ascertain that his way is clear and keep his vehicle under such control that he may avoid collision in case the way be not clear. The duty is likewise applicable to both parties involved in this collision."

Taken by itself this instruction omits two important elements: (1) That contributory negligence may not ordinarily be predicated on the omission to assume that another may violate the law (*Moreno* v. *Los Angeles Transfer Co.,* 44 Cal. App. 551 [186 P. 800]; *Olsen* v. *J. J. Jacobs Motor Co.,* 99 Cal.App. 423 [278 P. 1051]; *Prato* v. *Snyder,* 12 Cal.App.2d 88 [55 P.2d 255]); and, (2) That it failed to inform the jury that a person is only required to use ordinary care and skill to avoid an accident. (*Benjamin* v. *Noonan,* 207 Cal. 279 [277 P. 1045]; *Corvello* v. *Baumsteiger,* 115 Cal.App. 194 [1 P.2d 484].) It also omits the element that it is only a person who is free from negligence who may rely on the presumption that another will not violate the law. (*Truitner* v. *Knight,* 83 Cal.App. 655 [257 P. 447]; *Doyle* v. *Loyd,* 45 Cal.App.2d 493 [114 P.2d 398].)

■

However, other instructions thoroughly covered these questions.

■ Sections 86, 540, 544 and 551, relating to the turning of a vehicle to the left at an intersection, were given and were succeeded by the following: "You are further instructed that if you find from all of the evidence in this case that the defendant failed to comply with and observe any of the provisions of the sections above quoted at the time and place in question, such failure or neglect on his part would, under the law, constitute negligence."

After properly defining negligence and proximate cause, the following instruction was given: "Negligence is not absolute or extrinsic, but always relates to some circumstance of time, place or person. You are instructed that it is the law of California that a violation of a statute which directly or proximately causes injury to another constitutes negligence, as a matter of law.

"You are further instructed that every person has the right to presume that every other person will perform his duty and obey the law and in the absence of reasonable ground to think otherwise, it is not negligence to assume that he is not exposed to danger which may result from the violation of a law or duty by such other person."

The following instructions were also given: "You are further instructed that bicycle riders have the same right as automobile drivers to use the streets, and a bicycle rider as well as an automobile driver is chargeable only with such ordinary and reasonable care for his or her own safety as a prudent person under the same or similar circumstances."

"You are further instructed that a bicycle rider who is operating her bicycle in a careful and prudent manner is not bound to assume that the driver of an automobile will act otherwise than in a careful and prudent manner, and such bicycle rider has the right to assume that an approaching automobile driver will exercise due care and observe the law in executing a left turn."

■ It is well established that the instructions must be considered as a whole in order to determine the effect to be given to one that is technically insufficient in omitting elements that should have been included. In *Ward* v. *Read*, 219 Cal. 65 [25 P.2d 821], one test of this effect is stated as follows: "But the question with which we are concerned is

whether, in view of all the instructions given, the jury as reasonable men and women might have been misled so as to apply an incorrect rule of law.'' Measured by this rule we cannot conclude that the erroneous instruction could have led the jury into a mistaken application of erroneous rules of law. The missing elements in that instruction, important to plaintiffs, were clearly stated in others and, taken as a whole, the instructions cannot be considered sufficiently erroneous to require a reversal of the judgment.

 It is also argued that it was error to submit to the jury the question of negligence of Miss Fietz based on the care or lack of care she exercised in keeping a lookout for vehicles in her path. This argument is based on the fact that she was rendered unconscious by the collision and could not remember what lookout, if any, she kept and the presumption ''that a person takes ordinary care of his own concerns.'' (Subd. 4, sec. 1963, Code Civ. Proc.) Under the circumstances here plaintiffs are entitled to the benefit of this presumption. It is disputable and may be overcome by other evidence. (*Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590] ; *Scott* v. *Sheedy,* 39 Cal.App.2d 96 [102 P.2d 575] ; *Hoppe* v. *Bradshaw,* 42 Cal.App.2d 334 [108 P.2d 947].) Where there is other evidence to the contrary, the presumption raises a conflict in the evidence which must be settled by the jury. This evidence to the contrary may be circumstantial as well as direct.

Here there was circumstantial evidence to the effect that Miss Fietz did not look for obstructions in her path. A person who looks should see a large sedan in front of her. Hattie Gardiner and Miss Voris saw this sedan in time to give warning to Miss Fietz before the collision. Miss Voris was ten or more feet to the rear of Miss Fietz and saw the sedan from that position which would indicate that Miss Fietz could have seen it also had she looked. These circumstances and the fact that she crashed into this sedan after the warnings were given furnished grounds for the reasonable inference, if drawn by the jury, that she did not maintain a lookout for vehicles in her path. Clearly the question was one of fact for the jury and is not one of law for this court.

Plaintiffs have also appealed from an order, made after judgment, refusing them permission to amend their notice of motion for new trial. Such a motion is addressed to the sound

discretion of the trial court and no abuse of discretion is made to appear here. The matter is not stressed in the briefs.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.